UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES EUGENE LARIVE, JR.,<br><br>    Petitioner,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIV. 19-5043-JLV<br><br>ORDER |

  The court denied petitioner James Larive's § 2255 habeas motion. (Docket 16). Mr. Larive is appealing the court's judgment and moved for permission to appeal *in forma pauperis*. (Dockets 19 & 20). The court denies the motion.

  Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915 allow an indigent party to seek leave to appeal *in forma pauperis*. Section 1915 requires the court to determine if the appeal is taken in "good faith." 28 U.S.C. § 1915(a)(3). "Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant." Maddox v. Chisago Cty. Sheriff Office, No. 10-CV-2133, 2010 WL 3119393, at *2 (D. Minn. Aug. 5, 2010) (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)). In determining whether an appeal is taken in good faith, the court must decide "whether the claims to be decided on appeal are factually or legally frivolous." Id. (citing Coppedge, 369 U.S. at 444-45). "An appeal is frivolous, and therefore cannot be taken in good faith, 'where it lacks an arguable basis either in law or in fact.' "

Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Section 1915 also requires a prisoner to file a certified prison trust account report.   28 U.S.C. § 1915(a)(2).

Rule 24 requires an appellant seeking to proceed *in forma pauperis* on appeal to so move in the district court and file an affidavit that:

> (A)  shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B)  claims an entitlement to redress; and
>
> (C)  states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Mr. Larive did not meet these requirements.  He did not file a prisoner trust account statement.   The affidavit he did file states he owns a $50,000 home, which may indicate he is not indigent.   (Docket 20 at p. 2).   He did not file a Rule 24 affidavit with the required financial specificity and did not state what issues he intends to present on appeal.   In fact, the court finds his appeal is legally frivolous.   The court denied his § 2255 motion on the well-supported position that he failed to obtain the necessary appellate permission to file a second or successive habeas motion.   (Docket 16).   The court finds Mr. Larive would "lack[] an arguable basis either in law or in fact" in contesting this foundational error with his case on appeal.   Neitzke, 490 U.S. at 325.

For these reasons, it is

2

ORDERED that Mr. Larive's motion for leave to appeal *in forma pauperis* (Docket 20) is denied.

IT IS FURTHER ORDERED that Mr. Larive shall pay the $505 appellate filing fee to the Clerk for the United States District Court for the District of South Dakota or seek leave to proceed *in forma pauperis* in the United States Court of Appeals for the Eighth Circuit.

Dated May 26, 2020.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE